UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER GARCIA,<br><br>             Plaintiff,<br><br>       v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>             Defendant. | ) Case No.: ED CV 14-0091-PJW<br>)<br>)<br>)<br>)  MEMORANDUM OPINION AND ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

I.   INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Supplemental Security Income ("SSI").  She claims that the Administrative Law Judge ("ALJ") erred when he: (1) rejected the opinion of the examining psychologist, and (2) failed to consider Plaintiff's mother's input.  For the reasons explained below, the Court concludes that the ALJ erred and remands the case to the Agency for further proceedings.

II.   SUMMARY OF PROCEEDINGS

In June 2011, Plaintiff applied for SSI, alleging that she was disabled due to bipolar disorder and psychotic disorder.

(Administrative Record ("AR") 148-52, 165, 169.)  The Agency denied the applications initially and on reconsideration.  (AR 67-85.)  Plaintiff then requested and was granted a hearing before an ALJ.  (AR 104-08.)  On November 27, 2012, she appeared with counsel and testified at the hearing.  (AR 24-66.)  The ALJ subsequently issued a decision denying benefits.  (AR 8-20.)  Plaintiff appealed to the Appeals Council, which denied review.  (AR 1-7.)  She then commenced this action.

### III.  ANALYSIS

#### A. The ALJ's Analysis of the Doctors' Opinions

The examining psychologist determined that Plaintiff suffered from schizoaffective disorder and borderline intellectual functioning.  (AR 232-40.)  In his view, this limited her ability to maintain employment.  (AR 237-39.)  The ALJ rejected this opinion because it was based on a one-time examination and was inconsistent with the record as a whole.  (AR 17.)  For the following reasons, the Court finds that the ALJ erred in failing to explain in detail why he was rejecting the examining doctor's opinion.

ALJs are tasked with resolving conflicts in the medical evidence.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Generally speaking, three types of doctors supply that evidence: treating doctors, examining doctors, and reviewing doctors.  All other things being equal, treating doctors' opinions are entitled to the greatest weight because they are hired to cure and have more opportunity to know and observe the patient.  *Id.* at 1041; *see also* 20 C.F.R. 416.927(d)(2) ("Generally, we give more weight to opinions from your treating

sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations"). Examining doctors are next on the list, followed by reviewing doctors. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). ALJs, however, are not required to merely accept the opinion of any doctor and, where the opinion is contradicted, may reject it for specific and legitimate reasons that are supported by substantial evidence in the record. *Id*. at 830.

The ALJ's conclusory finding that the examining doctor's opinion was defective because it was based on a one-time examination and was inconsistent with the record is not a specific and legitimate reason for rejecting it. To begin, with, in almost every case, the consultative examining doctor sees the claimant only once. Obviously, if that was a problem, the Agency would not have developed a system in which in most of its cases the claimant is sent by the Agency to a consultative examining doctor for an opinion. Second, assuming that the consultative doctor's opinion was suspect because he only examined Plaintiff once, the testifying medical expert's testimony should have been doubly so because he never examined Plaintiff at all.

The ALJ's rejection of the consulting expert's opinion is also problematic because he did not explain in any detail what it was about the examining doctor's opinion that was

"inconsistent with the record as a whole." (AR 17.) It is not for Agency counsel or the Court to discern what in the record the ALJ was referring to. Rather, it is incumbent on the ALJ to explain in detail the discrepancies he observes and allow the Court with the assistance of counsel to comb through the record and see if it agrees. *See, e.g., Embrey v. Bowen,* 849 F.2d 418, 421 (9th Cir. 1988) ("To say that the medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required ..."). On remand, the ALJ should set out those reasons so that the parties can understand them and, should there be an appeal, the Court can, too.[1]

B. The Lay Witness Testimony

Plaintiff's mother submitted a questionnaire detailing Plaintiff's difficulties coping with her impairments. (AR 174-80.) The ALJ rejected the mother's input because he found that her claims merely parroted Plaintiff's complaints, which the ALJ rejected; the mother was biased because she wanted to help her daughter; and the medical evidence did not support her claims. (AR 17.) Plaintiff claims the ALJ erred in doing so. The Court disagrees.

Lay testimony is competent evidence and an ALJ is required to consider it in determining whether a claimant is disabled. *See Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) ("Lay

---

[1] The Court notes that part of the examining doctor's report is missing. (AR 237.) On remand, an unredacted copy of the report should be placed in the record.

testimony as to a claimant's *symptoms* is competent evidence which the Secretary must take into account."). The ALJ may, however, discount lay testimony for reasons that are germane to the witness's testimony. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.").

Here, the ALJ rejected the mother's testimony because it appeared to be a parroting of Plaintiff's testimony, which the ALJ found was incredible, a finding Plaintiff has not challenged. This is a valid, legitimate reason for questioning the mother's testimony, *see Valentine v. Comm'r*, 574 F.3d 685, 694 (9th Cir. 2009), and it is supported by the record. For that reason, it is affirmed.[2]

## IV. CONCLUSION

For these reasons, the ALJ's decision is reversed and the case is remanded to the Agency for further proceedings consistent with this Memorandum Opinion and Order.

IT IS SO ORDERED.

DATED: January 12, 2015.

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\GARCIA, 91\Memo Opinion and Order s.docx

---

[2] This reason alone is enough to uphold the ALJ's rejection of the mother's testimony and, therefore, the Court need not and does not address the ALJ's other reasons for doing so.

5